PAULINE MUELLER v. GRAND GROVE, * * * UNITED ANCIENT ORDER OF DRUIDS.

April 26, 1898.

Nos. 10,962—(54).

**New Trial—Newly-Discovered Evidence—Conflicting Affidavits.**
A motion herein for a new trial on the ground of newly-discovered evidence was heard and determined by the trial court on conflicting affidavits. *Held*, that a denial of the motion was not error.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., denying its motion for a new trial on the ground of newly-discovered evidence. Affirmed.

*John H. Ives*, for appellant.

*W. H. Adams*, for respondent.

START, C. J.

The trial in this case in the district court resulted in a decision in favor of the plaintiff awarding her $1,000 as a beneficiary in a certificate or insurance policy issued by the defendant to the plaintiff's husband, Joseph Mueller. Thereupon the defendant appealed to this court from an order denying its motion for a new trial, and such order was affirmed in this court July 9, 1897. See Mueller v. Grand Grove, 69 Minn. 236, 72 N. W. 48. After the case was remitted, and on August 16, 1897, the defendant made a motion for a new trial, solely upon the grounds of newly-discovered evidence of which it was ignorant when the first motion was made. The defendant appealed from an order denying its second motion.

The newly-discovered evidence consisted of alleged admissions of the plaintiff as to her knowledge of her husband's standing in the defendant order, and that she had admitted that she knew he had not paid his dues, and that he was not in good standing, and of alleged admissions by the husband made shortly before his death, to the effect that he had voluntarily withdrawn from the order. The motion was met by the plaintiff by her own and other opposing affidavits, which directly denied that the plaintiff ever made the alleged admissions, and stated facts and circumstances tending

to discredit the affidavits on the part of the defendant to the effect that the husband had made the alleged admissions.

Without going into details, it is sufficient to say that we have considered all of the affidavits upon which the trial court based its order denying the motion, and find the evidence is not only conflicting, but that it clearly indicates that two of the persons who made their affidavits as to the alleged admissions of the plaintiff and her husband are unfriendly to her, and were evidently actuated by a spirit of revenge in making them. The opposing affidavits tend directly to impeach one of the defendant's witnesses and another indirectly. The credit to be given to the respective affiants was a question for the trial court, and the granting or refusing of the motion was a matter largely in its discretion, and we are of the opinion that such discretion was properly exercised.

Order affirmed.